**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

UNITED STATES OF AMERICA

v.                                        ACTION NOS. 2:06mj10

NURNEY MATTHEW HURDLE, JR.,

       Defendant.

<u>O R D E R</u>

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  The Court concludes that the following facts require the detention of the defendant pending trial in this case.

    There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 and 846.

    The defendant has not rebutted the presumption established by the above finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

    The Court FINDS that the credible testimony and information submitted at the hearing establishes that there is probable cause to believe that the defendant engaged in the distribution of

cocaine. The defendant obtained cocaine in the New York and New Jersey area, and transported it to the Hampton Roads area for resale. On September 21, 2005, the defendant was arrested with cocaine concealed in the speakers of a portable radio.

The defendant has lived in the Hampton Roads community for only 3 years. His ties are to the New York City area. He claims a period of self employment in 2003 and 2004 which could not be verified by pretrial services. He reported no employment in 2005. He has no income, assets or liabilities. The defendant is a long time user of marihuana.

The defendant has several misdemeanor convictions including two marihuana possession convictions, and convictions for resisting arrest and disorderly conduct. In 1991 he was convicted of felony drug possession in New York and given 1-3 years. He was paroled from this sentence and the parole was revoked. He was also convicted of a felony weapons charge in 1998 and sentenced to prison.

The Court FINDS that because of the substantial possible penalties that this defendant faces in this case and the strength of the evidence against him that there is a strong likelihood that the defendant will not appear for trial under any conditions of release. The Court further FINDS that the defendant is a danger to the community by his continuous and continuing drug dealing and should be detained pending the trial of this case. See United

States v. Williams, 753 F.2d 329 (4th Cir. 1985).

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this Order to the United States Attorney at Norfolk, to the United States Marshal at Norfolk, to the United States Pretrial Services Office at Norfolk, and to counsel of record for the defendant.

                              _____/s/_____
                                        Tommy E. Miller
                              UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

January 30, 2006