**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**NURNEY MATTHEW HURDLE, JR.,**

       Petitioner,

v.                                            **Civil Action No. 2:07cv49**
                                              **Criminal Action No. 2:06cr21**

**UNITED STATES OF AMERICA,**

       Respondent.

**ORDER AND OPINION**

       Currently before the court is Nurney Matthew Hurdle, Jr.'s petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code, Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that he received ineffective assistance of counsel. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons fully set forth below, Hurdle's petition is **DENIED**.

I.  Factual Background

       The petitioner was charged with five felony counts resulting from the sale of cocaine to a witness who was cooperating with the government: Count One, conspiracy to distribute and to possess with intent to distribute more than 500 grams of cocaine, and to use a communication device to cause, commit, and facilitate felony violations of the Controlled Substances Act, in violation of Title 21, United States Code, Section 846; Count Two, possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C);

Count Three, distribution of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); Count Four, use of a communication facility to cause, commit and facilitate felony violations of the Controlled Substances Act, in violation of Title 21, United States Code, Section 843(b); and Count Five, interstate travel to promote unlawful activity, in violation of Title 18, United States Code, Section 1952(a)(3).

In accordance with a written plea agreement, the petitioner pled guilty to Count One on February 28, 2006. The plea agreement and a written statement of facts were filed and made part of the record at that time. At the petitioner's Rule 11 plea colloquy, the parties and the court noted that, while Count One charged the petitioner with conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine, a lab analysis of the cocaine obtained from the petitioner at the time of his arrest revealed there to be 498.7 grams of cocaine. The government indicated that it had testimonial evidence that would attribute the petitioner with a quantity of cocaine in excess of 500 grams, and both parties agreed that, if at sentencing the drug weights did not exceed 500 grams, the petitioner would be sentenced in the statutory range provided by 21 U.S.C. § 841(b)(1)(C), of zero to twenty years. A sentencing hearing was scheduled for June 2, 2006, and a written presentence report was prepared.

The government filed position papers with respect to sentencing, indicating its agreement with the drug weights attributed to the petitioner in the presentence report. The petitioner, on May 25, 2006, filed a position paper with respect to sentencing, in which he indicated his objection to the drug weights attributed to him in the presentence report, particularly to the testimony of an informant which resulted in the attribution of approximately 30 kilograms of cocaine to the petitioner. The petitioner argued that the amount attributable to him should be

between two and three and a half kilograms.

On June 2, 2006, at the sentencing hearing, the court found by a preponderance of the evidence that the quantity of cocaine listed in the presentence report was correct.  Based upon the court's findings, the petitioner's offense level was 31 and his criminal history category was III, making his guideline range 135-168 months.  The court sentenced the petitioner to a term of imprisonment of 135 months and five years of supervised release following his release from confinement.  In accordance with the plea agreement, the government moved to dismiss the remaining counts of the indictment against the petitioner, and the court granted the motion.

Because the petitioner had waived his right to appeal in his plea agreement, he did not appeal his sentence.

II. Procedural History

On or about January 22, 2007, the petitioner filed the instant petition to vacate, set aside, or alter his sentence pursuant to 28 U.S.C. § 2255.  In his petition, he alleges that he received ineffective assistance of counsel when his attorney, James Broccoletti, failed to properly advise him with regard to the elements of the offense of conspiracy, and failed to properly inform the petitioner regarding the mandatory minimum sentence he faced.  Because this petition does not require a response from the United States, this court has declined to order one. See R. Governing 2255 Proceedings in U.S. Dist. Cts. 4(b).

III. Standard of Review

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence

exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of ineffective assistance of counsel may, however, be
properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). In the instant case, the petitioner has not alleged that he is actually innocent of the crimes

4

for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges here and did not raise on appeal.

A petitioner who alleges ineffective assistance of counsel following a guilty plea has an even higher burden to meet. See Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-98 (4th Cir. 1992). Such a petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. An inquiry into whether a petitioner has presented enough evidence to demonstrate such a reasonable probability will often necessitate an inquiry into the likely results at trial. Id. at 59-60. In evaluating a claim of ineffective assistance of counsel made after a guilty plea, statements made under oath, such as those made in a Rule 11 proceeding, are binding on the petitioner "[a]bsent clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299; accord Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) ("When a defendant challenges a conviction entered after a guilty plea, [the] prejudice prong of the test is slightly modified. Such a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial.'") (quoting Hill, 474 U.S. at 59). That a plea bargain is "favorable" to a defendant and that accepting it was "a reasonable and prudent decision" is evidence of the "voluntary and intelligent" nature of the plea. Id.

IV. Analysis

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective

5

assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential." Id. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There are two prongs to the Strickland test: performance and prejudice. To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the petitioner. United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999). A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

Here, the petitioner references only one example of his attorney's alleged ineffective assistance in his section 2255 petition, but raises an additional claim in the memorandum he submitted in support of his petition. First, the petitioner claims that his counsel was ineffective in advising him to plead to a drug conspiracy where the only co-conspirator was a government agent. Secondly, he claims that he should not have been sentenced in accordance with the

statutory range provided in 21 U.S.C. § 841(b)(1)(B), because the quantity of cocaine he possessed at the time of his arrest was less than 500 grams. The petitioner claims that his counsel was ineffective in allowing him to be sentenced within the statutory range of 5-40 years, as provided by section 841(b)(1)(B), rather than in the range of 0-20 years found in section 841(b)(1)(C).

The petitioner is correct that federal courts, including the Fourth Circuit, have found that criminal defendants may not be convicted for conspiracy when their only co-conspirator is a government agent. See, e.g., United States v. Lewis, 53 F.3d 29 (4th Cir. 1995); United States v. Hayes, 775 F.2d 1279, 1283 (4th Cir. 1985). And the petitioner is also correct in that, at the time of his arrest, the individual who the petitioner was meeting for the purpose of selling cocaine was, in fact, working for the government. However, the petitioner admitted in the statement of facts and in failing to object to this portion of the presentence report, that he had sold cocaine to Michael Perry, the government's cooperating witness, on several previous occasions. These transactions occurred prior to the date on which Perry was arrested and agreed to assist the government in arresting and prosecuting the petitioner. Therefore, while the petitioner may not have legally conspired with Perry when he delivered cocaine to him on September 21, 2005, the date of his arrest, he did conspire with Perry on multiple occasions prior to that date, at which time Perry was not a government agent. The petitioner, therefore, cannot succeed in demonstrating that he did not commit conspiracy, and thus cannot demonstrate that Mr. Broccoletti's performance was ineffective in advising him to plead guilty to this count.

Further, even were the petitioner able to demonstrate that Mr. Broccoletti's performance fell below an objective standard of reasonableness, he cannot prove that, but for his counsel's

alleged errors, he would not have pleaded guilty and would have instead proceeded to trial. Although the petitioner claims that "there exist [sic] a reasonable probability that Hurdle would have went to trial" had Mr. Broccoletti not committed the alleged errors, he provides no evidence in support of this assertion. He has not claimed actual innocence of his crime, and therefore he cannot surmount the fact that, as part of his plea agreement, the substantive drug charges against him were dismissed at sentencing. Although the conspiracy charge to which he ultimately pleaded guilty referenced a different statutory penalty section than the substantive drug charges, his conviction on either of those charges would have resulted in the same calculus of his guideline sentencing range. See U.S.S.G. § 2D1.1(c) (referencing the Drug Quantity Table for both conspiracy and substantive drug offenses). Although the substantive offenses with which he was charged have a lower statutory maximum than the conspiracy count to which the petitioner pleaded guilty, his actual sentence of 135 months falls within the statutory range for either of those counts. Therefore, even had Mr. Broccoletti erred in urging the petitioner to plead guilty to conspiracy, the petitioner cannot demonstrate that this resulted in prejudice, as he was facing the same guideline range on the remaining charges against him.

In that regard, the petitioner conflates his argument over whether a conspiracy existed with his allegation that the court committed error by informing him that he faced a statutory minimum sentence of five years.[1] This issue, however, was addressed by the court immediately

---

[1] It is unclear whether the petitioner claims that his counsel was ineffective in failing to object to this issue, or simply that the court was in error in making this determination. If the latter is true, then the petitioner has procedurally defaulted on this claim by failing to raise it on appeal. He has failed to demonstrate cause for not raising this issue on direct appeal, and cannot demonstrate prejudice resulting therefrom. If, however, the petitioner claims that his attorney provided ineffective assistance of counsel with respect to this issue, he cannot meet the standard under Strickland, because he cannot demonstrate that the court acted improperly (and therefore

prior to the Rule 11 colloquy. As the transcript indicates, the court noted that the lab analysis of the cocaine recovered from the petitioner at the time of his arrest confirmed that it was 498.7 grams, below the 500 grams needed to place the petitioner under the statutory sentencing scheme of 21 U.S.C. § 841(b)(1)(B). The court and the parties discussed this, with the court noting the Fourth Circuit's decision in United States v. Catala, 134 Fed. Appx. 617 (4th Cir. 2005) (unpublished) dealt directly with whether a criminal defendant who had pleaded guilty to a statute referencing a certain minimum quantity of drugs, but who later was attributed with a quantity below that minimum, should be held to the quantity referenced in the charge to which he pleaded. The Assistant United States Attorney indicated his belief that the evidence would demonstrate that the petitioner's conspiracy involved more than 500 grams of cocaine, but that if the evidence failed to show this at sentencing, he would not object to the court sentencing the petitioner in accordance with the lower statutory range. The parties agreed with this resolution of the issue, and the Rule 11 colloquy proceeded, wherein the petitioner acknowledged that he understood the elements of the offense against him, and that he faced a minimum penalty of five years imprisonment and a maximum penalty of forty years imprisonment. See 21 U.S.C. § 841(b)(1)(B).

After the presentence report attributed the petitioner with in excess of 30 kilograms of cocaine, the petitioner admitted at sentencing to his involvement with between 2 and 3.5 kilograms of cocaine. Therefore, the evidence and the petitioner's own admission clearly demonstrated that the proper statutory sentencing range was 5 to 40 years imprisonment. Although the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000), held that any fact

---

cannot demonstrate that his counsel's performance was deficient in not objecting).

excluding a prior conviction, that increased a defendant's statutory maximum sentence, must be either admitted by the defendant or found by a jury beyond a reasonable doubt, id. at 483, that decision is not implicated where, as here, the petitioner admitted to his involvement with more than 500 grams of cocaine. See Position of Parties with Respect to Sentencing Factors at ¶ 1 (wherein the petitioner argued that the evidence indicated that he should be attributed with between 2 and 3.5 kilograms of cocaine). The petitioner pleaded guilty to an offense that had, as an element, the fact that he conspired to possess with intent to distribute more than 500 grams of cocaine. He indicated that he understood the minimum and maximum penalties for that offense, and, later admitted that he had, in fact, possessed more than 500 grams of cocaine. Therefore, the petitioner's claim that he was induced to plead guilty by the incorrect threat of a mandatory minimum sentence is facially untrue.

Because the court sentenced the petitioner within the correct statutory range, he cannot demonstrate that his decision to plead guilty was the result of anything other than his own voluntary choice. Therefore the petitioner cannot show that his attorney's performance fell below ordinary standards of reasonableness, and his claim of ineffective assistance of counsel must fail.

V. Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia.

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

May  22, 2007
Norfolk, Virginia